_____FILED  _____ENTERED
_____LODGED_____RECEIVED

DEC 1 2 2011   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

**11-MC-00191-M**

SEA9937

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN SMITH, DOMINICK MASSARO and TROY YATES on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC.,<br><br>Defendants. | No. Misc. **MS11   191**MJP<br><br>[Pending in United Stated District Court for the Western District of Tennessee; Civil Action No. 2:11-cv-02943 before the Honorable Judge Jon P. McCalla]<br><br>**DEFENDANTS' MOTION TO TRANSFER, OR IN THE ALTERNATIVE, TO QUASH SUBPOENA**<br><br>NOTE ON MOTION CALENDAR: Friday, December 30, 2011 |

Defendants, ServiceMaster Holding Corp., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc., (collectively "Defendants") submit this Motion to Transfer, Or in the Alternative, to Quash Subpoena, and show as follows:

## I. INTRODUCTION

The underlying case is an action under the Fair Labor Standards Act ("FLSA"), 29, U.S.C. § 201, *et seq.*, which is currently pending in the United States District Court for the Western District of Tennessee (W.D. Tenn. Case No. 2:11-cv-02943-JPM-dkv). The parties are

DEFENDANTS' MOTION TO TRANSFER, OR IN THE ALTERNATIVE, TO QUASH SUBPOENA - 1
Misc.

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120
Telephone: (901) 291-1500

1   presently before this Court on account of Plaintiffs having caused this Court to issue a subpoena

2   pursuant to Rule 45 of the Federal Rules of Civil Procedure in an attempt to obtain documents

3   from third-party witness Intermec, Inc. (Exhibit A: Plaintiff's Subpoena).

4         On December 12, 2011, Defendants moved the United States District Court for the

5   Western District of Tennessee for a protective order that would limit both parties' ability to

6   engage in discovery.   (Exhibit B: Defendants' Motion for Protective Order and/or to Stay

7   Discovery and Proposed Protective Order).   Defendants argued in the Motion for Protective

8   Order that Plaintiffs' attempts to engage in the discovery process is premature under Fed. R. Civ.

9   P. 26(d) because the parties have not yet participated in a Rule 26(f) discovery conference

10   relating to the recently filed Amended Complaint adding two named parties.

11         Defendants request this Court to transfer Plaintiffs' subpoena to the United States District

12   Court for the Western District of Tennessee, where it may be considered in conjunction with

13   Defendants' Motion for Protective Order and/or Stay of Discovery.   In the alternative,

14   Defendants move this Court to quash the subpoena on the same grounds set forth in Defendants'

15   Motion for Protective Order, *i.e.*, that discovery is premature under Fed. R. Civ. P. 26(d).

16   ## II. FACTS

17         Plaintiff John Smith ("Smith") filed the original Complaint in this matter on July 14,

18   2009 in the United States District Court for the Western District of Tennessee (W.D. Tenn. Case

19   No. 2:09-cv-02456-BBD-dkv).   Thereafter, the case was transferred to the United States District

20   Court for the Middle District of Louisiana, and was ultimately transferred back to the Western

21   District of Tennessee on October 25, 2011 (W.D. Tenn. Case No. 2:11-cv-02943-JPM-dkv).

22

23

24

DEFENDANTS' MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, TO QUASH SUBPOENA - 2
Misc.

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120
Telephone: (901) 291-1500

1    On October 11, 2011, Plaintiff Smith moved the Court, *inter alia*, for permission to file

2    an Amended Complaint.  The District Court for the Middle District of Louisiana granted Plaintiff

3    Smith's motion on October 25, 2011.

4    Plaintiffs filed the Amended Complaint into the record on November 21, 2011.

5    Defendants have yet to file a responsive pleading to the Amended Complaint.  Naturally, because

6    Defendants still have yet to file a responsive pleading, the parties have not participated in a Fed.

7    R. Civ. P. 26(f) discovery conference concerning the claims in the Amended Complaint.

8    On November 22, 2011 – before Defendants have filed a responsive pleading – Plaintiffs'

9    counsel notified counsel for Defendants that they intended to serve a subpoena on Intermec, Inc.

10   (*See* Exhibit A).  Counsel for Defendants understand that the subpoena was served on Intermec,

11   Inc. on November 29, 2011.

## II. ARGUMENT

**A.**   **Plaintiffs' Subpoena Should Be Transferred to the United States District Court for the Western District of Tennessee**

13

14   Defendants' have moved the District Court for the Western District of Tennessee,

15   where the underlying case is pending, for a protective order and/or to stay all discovery

16   until a scheduling order is entered.  This protective order, if Defendants' motion was

17   granted, would apply generally to all discovery – including the Rule 45 subpoena that

18   Plaintiffs' served on Intermec, Inc.  (*See* Exhibit B).

19   The Federal Rules of Civil Procedure provide that a motion to quash a Rule 45

20   subpoena is to be heard in the first instance by the court that issued the subpoena.  Fed. R.

21   Civ. P. 45(c)(3)(A).  However, this Court has previously held that it may transfer the

22   matter to another court that is better situated to rule on the propriety of the motion.

23   *Heroic Era, Ltd. v. Evony, LLC*, 2011 U.S. Dist. LEXIS 12266, **2-5 (W.D. Wash. Jan.

24

DEFENDANTS' MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, TO QUASH SUBPOENA - 3
Misc.

1   27, 2011).  Here, Defendants' Motion for Protective Order and/or to Stay Discovery –

2   which would apply generally to all types of discovery, including the subpoena that

3   Plaintiffs' have caused to be issued by this Court – is pending in the United States

4   District Court for the Western District of Tennessee.   Clearly, as the Court with

5   jurisdiction over this case, the District Court for the Western District of Tennessee is

6   better suited to rule upon general discovery matters.  Because Plaintiffs' subpoena would

7   be subject to Defendants' proposed protective order, the District Court for the Western

8   District of Tennessee is also better suited to determine the propriety of Plaintiffs'

9   subpoena.   Accordingly, this matter should be transferred to the United States District

10   Court for the Western District of Tennessee so that it may be considered with

11   Defendants' Motion for Protective Order and/or to Stay Discovery.

12   **B.      Alternatively, the Court Should Quash Plaintiffs' Subpoena.**

13        Should the Court determine that transfer to the United States District Court for the

14   Western District of Tennessee is not appropriate, it should quash Plaintiffs' subpoena

15   pursuant to Fed. R. Civ. P. 26(d).  The Federal Rules of Civil Procedure plainly provide

16   that a "party may not seek discovery *from any source* before the parties have conferred as

17   required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(emphasis added)(see also *Aguirre v. A.P.*

18   *Green Indus.*, 2011 U.S. Dist. LEXIS 113324 (D. Ariz. Sept. 30, 2011)(citing Fed. R.

19   Civ. P. 26(d) and denying the plaintiff's motion for expedited discovery on nonparties)).

20   Plaintiffs served the subpoena on Intermec, Inc. *before* the parties have participated in a

21   Rule 26(f) discovery conference concerning the Amended Complaint.[1]

22

23

24   [1] Indeed, Defendants have yet to respond to Plaintiffs' Amended Complaint.

DEFENDANTS' MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, TO QUASH SUBPOENA - 4
Misc.

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120
Telephone: (901) 291-1500

1       Accordingly, based on the plain language of Rule 26(d) – and for the reasons

2 cited in Defendants Motion for Protective Order and/or Stay of Discovery (see Exhibit B)

3 – the Court should quash Plaintiffs' subpoena served on Intermec, Inc.

4       As further grounds for Defendants request that the subpoena be quashed, the

5 District Court for the Middle District of Louisiana has once before ordered that Plaintiffs'

6 attempts to conduct discovery relating to class-related issues was not appropriate before

7 Plaintiffs moved for conditional certification.   (Exhibit C: Magistrate Judge's Order

8 Denying Motion to Compel).  Defendants ask that this Court uphold the prior rulings in

9 the case and quash Plaintiffs' subpoena.

10 **III. CONCLUSION**

11      For the reasons cited above, Defendants request that this Court reserve a ruling on the

12 propriety of Plaintiffs' subpoena and transfer the matter to the United States District Court for

13 the Western District of Tennessee.  In the alternative, this Court should quash Plaintiffs'

14 subpoena.

15      DATED this 12th day of December, 2011.

16                  WINTERBAUER & DIAMOND PLLC

17

18

19                 By: *s/Steven H. Winterbauer*
                   Steven H. Winterbauer, WSBA #16468

20                 Winterbauer & Diamond PLLC
                   1200 Fifth Avenue, Suite 1700
                   Seattle, WA 98101

21                 Telephone: (206) 676-8446
                   Fax: (206) 676-8441

22                 Email: mail@winterbauerdiamond.com
                   *Local Counsel*

23

24

---

DEFENDANTS' MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, TO QUASH SUBPOENA - 5
Misc.

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120
Telephone: (901) 291-1500

1

FORD & HARRISON LLP

2

3   By: s/Louis P. Britt III

4   Louis P. Britt III (Tenn. #5613)
    David A. Prather (Tenn. #18852)
    Jameson Dylan King (Tenn. #28179)

5   FORD & HARRISON LLP
    795 Ridge Lake Boulevard, Suite 300
    Memphis, Tennessee 38120

6   Telephone: (901) 291-1500
    Fax: (901) 291-1501

7   E-Email: LBritt@fordharrison.com
    *Attorneys for:*

8   SERVICEMASTER HOLDING CORP.;
    THE SERVICEMASTER COMPANY, INC.;
    THE TERMINIX INTERNATIONAL

9   COMPANY, L.P.; and TERMINIX
    INTERNATIONAL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, TO QUASH SUBPOENA - 6
Misc.

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, TN 38120
Telephone: (901) 291-1500

1

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

3       I, Rachel Emens, declare that I am an employee of the law firm of Winterbauer &

4   Diamond PLLC, located at 1200 Fifth Avenue, Suite 1700, Seattle, Washington, 98101, am a

5   citizen of the United States, am over the age of 18 years and am not a party to this suit. I certify

6   that I filed:

7       1. Defendants' Motion to Transfer, or in the Alternative, to Quash Subpoena, with

8           Exhibits thereto; and

9       2. Order Granting Defendants' Motion to Transfer, or in the Alternative, to Quash

10          Subpoena [Proposed]

11  via E-Mail with this Court.

12      DATED this 12th day of December, 2011.

13

                                    Rachel Emens
14                                  Legal Assistant
                                    WINTERBAUER & DIAMOND PLLC
15                                  1200 Fifth Avenue, Suite 1700
                                    Seattle, Washington 98101
16                                  Phone: 206-676-8440
                                    Fax: 206-676-8441
17                                  mail@winterbauerdiamond.com

18

19

20

21

22

23

24

DEFENDANTS' MOTION TO TRANSFER, OR IN THE
ALTERNATIVE, TO QUASH SUBPOENA - 7
Misc.

# Exhibit A

# ANDRUS ❦ ANDERSON LLP

155 MONTGOMERY STREET · SUITE 900 · SAN FRANCISCO, CALIFORNIA 94104
T: 415.986.1400 · F: 415.986.1474

## FACSIMILE COVER SHEET

DATE     :     November 22, 2011

FROM     :     **Lori Andrus**

RE         :     **Smith et al. v. Servicemaster Holding Corp., et al.**

TOTAL NUMBER OF PAGES (including this page):     \_\_13\_\_

Originals/Copies Via:  ☒ ~~Electronic~~ US: Mail  ☐ Overnight Mail  ☐ Courier  ☐ None

SENT TO:                                                                     FAX NUMBER

Louis Britt.........................................................................................................................901-291-1501
Ford & Harrison LLP

☐     **Comments / Documents Transmitted**

*THIS FAX IS INTENDED FOR THE CONFIDENTIAL USE OF THE PERSON(S) DESIGNATED ABOVE. IF THIS TRANSMISSION IS GARBLED OR INCOMPLETE, OR IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CONTACT OUR OFFICE IMMEDIATELY AT 415.986.1400. THANK YOU.*

# ANDRUS ❧ ANDERSON LLP

November 22, 2011

*Via U.S. Mail and Facsimile 901-291-1501*

Louis Britt
FORD & HARRISON LLP
795 Ridge Lake Blvd., Suite 300
Memphis, TN 38120

      **Re:**    Smith et al. v. Servicemaster Holding Corp., *et al.*, Case No. 2:11-cv-02943-JPM-dkv

Mr. Britt:

      This is to inform you that Plaintiffs will shortly be serving the attached subpoena on Intermec, Inc.

Sincerely,

Lori E. Andrus

Enclosure

**155 Montgomery Street · Suite 900 · San Francisco, California 94104**
**T: 415.986.1400 · F: 415.986.1474 · lori@andrusanderson.com**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
#### Western District of Washington

| | | |
|---|---|---|
| Smith, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:11-cv-02943-JPM-dkv |
| Servicemaster Holding Corp., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Tennessee        ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Intermec, Inc., c/o Corporation Service Company
     300 Deschutes Way SW STE 304, Tumwater, WA 98501

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

     **See Attachment A.**

| Place: Intermec, Inc. | Date and Time: |
|---|---|
| 6001 36th Avenue West | |
| Everett, Washington 98203-1264 | 12/16/2011 10:00 am |

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  __11/28/2011__

                    *CLERK OF COURT*
                                        OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ **Plaintiffs**
_____ , who issues or requests this subpoena, are:

Lori E. Andrus
Andrus Anderson LLP
155 Montgomery St., Suite 900, San Francisco, CA 94104 lori@andrusanderson.com (415) 986-1400

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:11-cv-02943-JPM-dkv

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*


                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS

The following Definitions apply to these Requests:

1.  "All" should be construed to include the collective as well as the singular, and means "each," "any," and "every."

2.  "Document" has the same full meaning as construed by Fed. R. Civ. P. 34 and includes without limitation the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind) and drafts of all writing, whether handwritten, typed, printed or otherwise produced, and includes, without limitation, letters, correspondence, memoranda, legal pleadings, notes, reports, agreements, calendars, diaries, travel or expense records, summaries, records, messages or logs of telephone calls, conversations or interviews, telegrams, mailgrams, facsimile transmissions (including cover sheets and confirmations), electronic mail, electronically stored information, minutes or records of meeting, compilations, notebooks, laboratory notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, sales, advertising or promotional literature or materials, ledgers, graphs, charts, blue prints, drawings, sketches, photographs, film and sound reproductions, tape recordings, or any other tangible materials on which there is any recording or writing of any sort. The term also includes the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all documents requested herein.

3.  "Relevant Time Period" refers to the time period of July 14, 2006 to present.

4. "You" or "Your" mean the responding entity, its subsidiaries, brands, departments, divisions and/or affiliates, including but not limited to Intermec Technologies Corporation. "You" or "Your" also includes, without limitation, any organization or entity which the responding entity manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding entity.

5. "Terminix" means Defendants, ServiceMaster Holding Corporation, The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc., as well as any of their predecessors or successors, and all of their officers, directors, agents, employees, servants, and representatives.

6. "Handheld Computers" refers to handheld, mobile computers that Intermec sold to Terminix during the relevant time period, including the Intermec CN2B and all other models designed for (or purchased by) Terminix.

## INSTRUCTIONS

1. In producing Documents and electronically stored information "ESI," please furnish all Documents or ESI in Your possession, custody or control, regardless of the physical location of the Documents or whether such Documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. Please produce ESI, except as specified herein, in its native format. All dynamic ESI, including responsive documents contained in enterprise databases, spreadsheet files (e.g., Excel), presentation files (e.g., PowerPoint), video files, and audio files should be produced in native

format. If such ESI is maintained in the ordinary course of business in a form or format that is not readily accessible, e.g., in a proprietary database, the parties shall meet and confer regarding the format in which such data should be produced.

ESI that is static in nature (e.g., word processing and pdf documents) along with responsive emails should be produced as bates-stamped single page TIFF image files and should be accompanies by a "load file," which will contain all available fields of data, except to the extent that the contents of such fields for particular documents contain information subject to claims of attorney-client privilege or work-product immunity, including extracted text. "Extracted text" means a text file containing the full text that has been electronically extracted from the original, native electronic files. All metadata should be also produced in a text format linked to the associated files. Email attachments shall be ordered to immediately follow the email to which each is attached.

Where the full text of the document is not available (e.g., scanned hardcopy documents), the documents should be produced in single-page TIFF image files and accompanying Optical Character Recognition ("OCR") text files.

3. In producing Documents, please produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and, for a physical Document, bound or stapled in the same manner as the original.

4. Please produce all responsive Documents in the same order as they are kept or maintained by you in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to

these requests, indicate for each Document the file(s) from which the Document(s) was (were) originally located.

5.   Please produce all Documents in the file folder, envelope, or other container in which the Documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

6.   Please produce Documents in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document custodian(s).

7.   Documents attached to each other should not be separated, including, but not limited to, email attachments.

8.   All Documents produced in paper form should be numbered sequentially, with unique number on each page.

9.   If You claim the attorney-client privilege or any other privilege or work product protection for any Document, provide a detailed privilege log that contains at least the following information for each Document that you have withheld:

   a. the date of the Document;

   b. the identity of each and every author of the Document or item of ESI;

   c. the identity of each and every person who prepared or participated in the preparation of the Document;

   d. the identity of each and every person who received the Document;

   e. the identity of each and every person from whom the Document was received;

   f. a general description of the subject matter;

   g. the present location of the Document and all copies thereof;

h. the identity of each and every person having custody or control of the Document and all copies thereof;

i. the identity of the numbered request(s) to which the Document or is responsive; and

j. sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

10.  If you assert privilege with respect to part of a responsive Document, please redact the privileged portion and indicate clearly on the Document where the material was redacted. Produce the redacted Document even if you believe that the non-redacted portion is not responsive. Identify the redacted portions on the privilege log in the same manner as withheld Documents. Non-responsiveness of a portion of a Document or item of ESI is not a sufficient basis for redaction.

11. This request for Documents extends to cover all electronic documents, including email, word processing documents, spreadsheets, tables, databases, and other electronic records, including those that may have been stored as temporary files.

## DOCUMENT REQUESTS

### Request No. 1

All documents constituting receipts, purchase orders, or sales agreements related to Handheld Computers purchased by Terminix from You during the relevant time period, including but not limited to documents that reflect the total number of Handheld Computers purchased by Terminix and the date of each sale.

Request No. 2

     All documents constituting training and/or user manuals for the Handheld Computers purchased by Terminix during the relevant time period.

Request No. 3

     All documents reflecting or summarizing the capabilities and/or functionalities of the Handheld Computers purchased by Terminix during the relevant time period.

Request No. 4

     All documents reflecting any specifications or customizations (whether designed and/or implemented) of Handheld Computers for the specific uses by Terminix employees or representatives during the relevant time period, including but not limited to time-keeping functionality.

Request No. 5

     All documents constituting communications between You and Terminix regarding or relating to the Handheld Computers during the relevant time period.

Request No. 6

     All documents constituting communications between You and Terminix regarding Handheld Computer quality issues and/or complaints during the relevant time period.

///

///

20

Request No. 7

All documents produced in other wage and hour litigation against Terminix (whether in response to subpoena(s) or party document requests) regarding or relating to the Handheld Computers.

# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| JOHN SMITH, DOMINICK MASSARO and TROY YATES on behalf of themselves and a class of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 11- 02943 JPM-dkv |
| | ) | Judge Jon P. McCalla |
| SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC. | ) ) ) ) ) | |
| Defendants. | ) | |

---

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND/OR TO STAY DISCOVERY

---

COMES NOW Defendants, ServiceMaster Holding Corp., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc., (collectively "Defendants"), and respectfully request this Honorable Court to issue a Protective Order and/or stay discovery as to all parties until such time that the Court enters a new scheduling order. An accompanying Memorandum of Law is submitted herewith.

Respectfully submitted,

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, Tennessee 38120
Telephone:   (901) 291-1500
Facsimile:   (901) 291-1501

By: ___s/Louis P. Britt III_____
    Louis P. Britt III     (Tenn. #5613)
    David A. Prather     (Tenn. #18852)
    Jameson Dylan King   (Tenn. #28179)

    *Attorneys for:*
    SERVICEMASTER HOLDING CORP.;
    THE SERVICEMASTER COMPANY,
    INC.; THE TERMINIX INTERNATIONAL
    COMPANY, L.P.; and TERMINIX
    INTERNATIONAL, INC.

## CERTIFICATE OF CONSULTATION

The undersigned hereby certifies that, on December 5, 2011, he consulted with Lori Andrus, counsel for Plaintiffs, via email, regarding the relief sought in Defendants' Motion for Protective Order and/or to Stay Discovery. Counsel for Plaintiffs indicated that she opposed the requested relief.

By: ___s/Louis P. Britt III_____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Protective Order and/or to Stay Discovery has been served upon counsel of record by electronic means via the Court's CM/ECF system, this 12th day of December, 2011.

By: ___s/Louis P. Britt III_____

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JOHN SMITH, DOMINICK MASSARO and TROY YATES on behalf of themselves and a class of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 11- 02943 JPM-dkv |
| | ) | Judge Jon P. McCalla |
| SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC. | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND/OR TO STAY DISCOVERY

Defendants, ServiceMaster Holding Corp., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc., (collectively "Defendants") submit this Memorandum of Fact and Law in support of its Motion for Protective Order and/or to Stay Discovery.

### I. FACTS

This case is, in part, a purported collective action under the Fair Labor Standards Act ("FLSA"), 29, U.S.C. § 201, *et seq.* Plaintiff John Smith ("Smith") filed the original Complaint in this matter on July 14, 2009 in the United States District Court for the Western District of Tennessee (W.D. Tenn. Case No. 2:09-cv-02456-BBD-dkv). While the case was pending in the

Western District of Tennessee, the Court entered a scheduling order setting discovery and other deadlines.[1]

On May 25, 2010, Defendants moved to transfer the case to the United States District Court for the Middle District of Louisiana, as a majority of the witnesses and evidence were located in that jurisdiction. (*See* Dkt. 62). Hon. Bernice B. Donald granted Defendants' motion on July 1, 2010 (Dkt. 79), and the case was transferred to the United States District Court for the Middle District of Louisiana (M.D. La. Case No. 3:10-cv-00444-BAJ–SCR).[2]

While the case had been pending in the Western District of Tennessee, Plaintiff Smith filed a Motion to Compel certain discovery applicable to a putative class, rather than the individual FLSA claims. (Dkt. 45). On September 30, 2011, after the case had been transferred to the District Court for the Middle District of Louisiana, Magistrate Judge Stephen C. Riedlinger denied the Motion to Compel class-related discovery and held that class discovery was not appropriate before Plaintiffs filed a motion for conditional certification of a collective action. (Dkt. 100).

On October 11, 2011, Plaintiff Smith moved the Court for permission to file an Amended Complaint, and to transfer the case back to the Western District of Tennessee. (Dkt. 101). The District Court for the Middle District of Louisiana granted Plaintiff Smith's motion on October 25, 2011, ordering (1) that the case be transferred back to this Court, and (2) Plaintiff Smith be permitted to file the Amended Complaint into the record.

---

[1] The deadlines set in the Court's initial scheduling order have all passed.
[2] After the case was transferred, the District Court for the Middle District of Louisiana ordered the parties to submit a status report upon which a scheduling order would be based. (Dkt. 84). The parties jointly submitted a status report, which contained a proposed scheduling order, on September 23, 2010. (Dkt. 91). Despite the parties' submission of the proposed scheduling order, the District Court for the Middle District of Louisiana never entered a scheduling order.

On November 10, 2011, Plaintiffs' counsel served an Amended Notice of Deposition of Vic Charles, Human Resources Business Partner for Terminix International, L.P. (Exhibit A: Notice of Deposition of Vic Charles).

Plaintiffs filed the Amended Complaint into the record on November 21, 2011. The Amended Complaint adds two named Plaintiffs, Dominick Massaro ("Massaro") and Troy Yates ("Yates"), as purported representatives of a collective action. Plaintiff Smith remains as a named Plaintiff in the Amended Complaint, but asserts only individual FLSA claims. (Dkt. 109).

Defendants have yet to file a responsive pleading to the Amended Complaint, and have requested additional time in which to do so. (Dkt. 111). Naturally, because Defendants still have yet to file a responsive pleading, the parties have not participated in a Fed. R. Civ. P. 26(f) discovery conference concerning the Amended Complaint (which contains new parties and allegations).

Furthermore, Plaintiffs Massaro and Yates – purported class representatives of a putative FLSA collective action – are subject to agreements to arbitrate any and all employment-related claims. Defendants intend to file a motion to compel the claims of Massaro and Yates to arbitration as soon as practicable.

## II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(c), district courts have broad discretion in fashioning protective orders. *York v. American Med. Sys., Inc.*, 1998 U.S. App. LEXIS 30105, *13 (6th Cir. Ohio Nov. 23, 1998)(unreported)(citing *In Re Eli Lilly & Co.*, 142 F.R.D. 454, 456 (S.D. Ind. 1992)). "A motion under Rule 26(c) to limit discovery requires the district court to balance the interests at issue, and to compare the hardship on both parties if the motion is either granted or denied." *Id.* "In making its

determination, the court must consider the nature and magnitude of the hardship imposed on each party by the order." *Id.*

The Federal Rules of Civil Procedure plainly provide that a "party may not seek discovery *from any source* before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(emphasis added)(see also *Positron Public Safety Sys. Corp. v. Holloway*, 2011 U.S. Dist. LEXIS 87087, *3 (E.D. Tenn. Aug. 5, 2011)). Here, Plaintiffs filed a motion for leave to file an Amended Complaint on October 11, 2011. After the District Court for the Middle District of Louisiana granted the motion, but before Plaintiffs filed the proposed Amended Complaint, Plaintiffs served a Notice of Deposition for Vic Charles. As the parties have not yet participated in a Rule 26(f) discovery conference concerning the Amended Complaint – which contains newly raised factual allegations and new named Plaintiffs – Plaintiffs' attempt to depose Vic Charles is premature under Fed. R. Civ. P. 26(d).

Notwithstanding the fact that the parties have not yet conducted a Fed. R. Civ. P. 26(f) discovery conference, further grounds exist for entry of a Protective Order. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Plaintiffs Massaro and Yates are both parties to agreements to arbitrate all employment-related claims, including the class and individual FLSA claims they advance in the Amended Complaint. Defendants intend to file a motion to compel arbitration (or similar motion) as soon as practicable, but will not be able to file such motion before the occurrence of the discovery presently sought by Plaintiffs. Even more, if Defendants' anticipated motion to compel arbitration is to be granted, Plaintiffs

4

Massaro and Yates would be required to pursue their claims in an arbitral forum and the scope of discovery would necessarily be fashioned by the arbitrator.

In other words, Plaintiffs' attempts to conduct discovery on the merits of the case before the Rule 26(f) discovery conference, particularly where the class representatives' claims may be subject to arbitration, provide proper grounds for entry of a Protective Order. The entry of a Protective Order would not present any hardship on Plaintiffs. Indeed, this case was originally filed in July 2009, and Plaintiffs only recently amended the Complaint to add named-party Plaintiffs and sought this discovery. Moreover, in light of the foregoing and possible removal of the purported class representatives' claims to arbitration proceedings, allowing Plaintiffs to take discovery on the merits of the case would result in significant, and perhaps unnecessary, cost and expense to Defendants.

As further grounds for a Protective Order, Defendants would show that the District Court for the Middle District of Louisiana has already denied a Motion to Compel filed by Plaintiff Smith, holding that class-related discovery before a collective action is certified was not permissible. For this reason too, a Protective Order and stay of discovery is appropriate.

Accordingly, Defendants request that the Court enter a Protective Order and/or stay discovery. Specifically, Defendants ask the Court to (1) quash the Notice of Deposition of Vic Charles, and (2) order that all discovery[3] be stayed until such time that

_____

[3] Plaintiffs have also caused a Fed. R. Civ. P. 45 subpoena to be issued by the United States District Court for the Western District of Washington, in an attempt to obtain information and documents pertaining to "handheld computers" purchased by Defendants and allegedly used by putative class members. (Exhibit B: Subpoena). For the reasons stated in this memorandum, Defendants posit that the Protective Order and/or stay should apply to this subpoena with equal force. However, as Fed. R. Civ. P. 45(c)(3)(A) requires that any motion to quash a subpoena be filed with the issuing court, Defendants will move the United States District Court for the Western District of Washington for appropriate relief, including transfer of the subpoena to this Court so that it may be considered with the instant Motion or, in the alternative, to quash the subpoena outright.

a scheduling order is entered by the Court.   A proposed Protective Order will be submitted to Chambers pursuant to Local Rules.

## III. CONCLUSION

For the reasons cited above, Defendants request that all discovery, including the previously noticed deposition of Vic Charles and any pending third-party discovery, be stayed, and that both parties be limited from taking further discovery until a scheduling order is entered.

Respectfully submitted,

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, Tennessee 38120
Telephone:   (901) 291-1500
Facsimile:    (901) 291-1501

By:   s/Louis P. Britt III
　　　Louis P. Britt III　　　　(Tenn. #5613)
　　　David A. Prather　　　　(Tenn. #18852)
　　　Jameson Dylan King　　　(Tenn. #28179)

*Attorneys for:*
SERVICEMASTER HOLDING CORP.;
THE SERVICEMASTER COMPANY,
INC.; THE TERMINIX INTERNATIONAL
COMPANY, L.P.; and TERMINIX
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Defendants' Motion for Protective Order and/or to Stay Discovery has been served upon counsel of record by electronic means via the Court's CM/ECF system, this 12th day of December, 2011.

By:   s/Louis P. Britt III

6

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| JOHN SMITH, DOMINICK MASSARO and TROY YATES on behalf of themselves and a class of those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 11- 02943 JPM-dkv |
| | ) | Judge Jon P. McCalla |
| | ) ) | |
| SERVICEMASTER HOLDING CORP.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC. | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND/OR TO STAY DISCOVERY

Defendants, ServiceMaster Holding Corp., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc., (collectively "Defendants") submit this Memorandum of Fact and Law in support of its Motion for Protective Order and/or to Stay Discovery.

### I. FACTS

This case is, in part, a purported collective action under the Fair Labor Standards Act ("FLSA"), 29, U.S.C. § 201, *et seq.* Plaintiff John Smith ("Smith") filed the original Complaint in this matter on July 14, 2009 in the United States District Court for the Western District of Tennessee (W.D. Tenn. Case No. 2:09-cv-02456-BBD-dkv). While the case was pending in the

Western District of Tennessee, the Court entered a scheduling order setting discovery and other deadlines.[1]

On May 25, 2010, Defendants moved to transfer the case to the United States District Court for the Middle District of Louisiana, as a majority of the witnesses and evidence were located in that jurisdiction. (*See* Dkt. 62). Hon. Bernice B. Donald granted Defendants' motion on July 1, 2010 (Dkt. 79), and the case was transferred to the United States District Court for the Middle District of Louisiana (M.D. La. Case No. 3:10-cv-00444-BAJ–SCR).[2]

While the case had been pending in the Western District of Tennessee, Plaintiff Smith filed a Motion to Compel certain discovery applicable to a putative class, rather than the individual FLSA claims. (Dkt. 45). On September 30, 2011, after the case had been transferred to the District Court for the Middle District of Louisiana, Magistrate Judge Stephen C. Riedlinger denied the Motion to Compel class-related discovery and held that class discovery was not appropriate before Plaintiffs filed a motion for conditional certification of a collective action. (Dkt. 100).

On October 11, 2011, Plaintiff Smith moved the Court for permission to file an Amended Complaint, and to transfer the case back to the Western District of Tennessee. (Dkt. 101). The District Court for the Middle District of Louisiana granted Plaintiff Smith's motion on October 25, 2011, ordering (1) that the case be transferred back to this Court, and (2) Plaintiff Smith be permitted to file the Amended Complaint into the record.

---

[1] The deadlines set in the Court's initial scheduling order have all passed.
[2] After the case was transferred, the District Court for the Middle District of Louisiana ordered the parties to submit a status report upon which a scheduling order would be based. (Dkt. 84). The parties jointly submitted a status report, which contained a proposed scheduling order, on September 23, 2010. (Dkt. 91). Despite the parties' submission of the proposed scheduling order, the District Court for the Middle District of Louisiana never entered a scheduling order.

On November 10, 2011, Plaintiffs' counsel served an Amended Notice of Deposition of Vic Charles, Human Resources Business Partner for Terminix International, L.P. (Exhibit A: Notice of Deposition of Vic Charles).

Plaintiffs filed the Amended Complaint into the record on November 21, 2011. The Amended Complaint adds two named Plaintiffs, Dominick Massaro ("Massaro") and Troy Yates ("Yates"), as purported representatives of a collective action. Plaintiff Smith remains as a named Plaintiff in the Amended Complaint, but asserts only individual FLSA claims. (Dkt. 109).

Defendants have yet to file a responsive pleading to the Amended Complaint, and have requested additional time in which to do so. (Dkt. 111). Naturally, because Defendants still have yet to file a responsive pleading, the parties have not participated in a Fed. R. Civ. P. 26(f) discovery conference concerning the Amended Complaint (which contains new parties and allegations).

Furthermore, Plaintiffs Massaro and Yates – purported class representatives of a putative FLSA collective action – are subject to agreements to arbitrate any and all employment-related claims. Defendants intend to file a motion to compel the claims of Massaro and Yates to arbitration as soon as practicable.

## II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(c), district courts have broad discretion in fashioning protective orders. *York v. American Med. Sys., Inc.*, 1998 U.S. App. LEXIS 30105, *13 (6th Cir. Ohio Nov. 23, 1998)(unreported)(citing *In Re Eli Lilly & Co.*, 142 F.R.D. 454, 456 (S.D. Ind. 1992)). "A motion under Rule 26(c) to limit discovery requires the district court to balance the interests at issue, and to compare the hardship on both parties if the motion is either granted or denied." *Id.* "In making its

determination, the court must consider the nature and magnitude of the hardship imposed on each party by the order." *Id.*

The Federal Rules of Civil Procedure plainly provide that a "party may not seek discovery *from any source* before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(emphasis added)(see also *Positron Public Safety Sys. Corp. v. Holloway,* 2011 U.S. Dist. LEXIS 87087, *3 (E.D. Tenn. Aug. 5, 2011)). Here, Plaintiffs filed a motion for leave to file an Amended Complaint on October 11, 2011. After the District Court for the Middle District of Louisiana granted the motion, but before Plaintiffs filed the proposed Amended Complaint, Plaintiffs served a Notice of Deposition for Vic Charles. As the parties have not yet participated in a Rule 26(f) discovery conference concerning the Amended Complaint – which contains newly raised factual allegations and  new named Plaintiffs – Plaintiffs' attempt to depose Vic Charles is premature under Fed. R. Civ. P. 26(d).

Notwithstanding the fact that the parties have not yet conducted a Fed. R. Civ. P. 26(f) discovery conference, further grounds exist for entry of a Protective Order. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Plaintiffs Massaro and Yates are both parties to agreements to arbitrate all employment-related claims, including the class and individual FLSA claims they advance in the Amended Complaint. Defendants intend to file a motion to compel arbitration (or similar motion) as soon as practicable, but will not be able to file such motion before the occurrence of the discovery presently sought by Plaintiffs. Even more, if Defendants' anticipated motion to compel arbitration is to be granted, Plaintiffs

Massaro and Yates would be required to pursue their claims in an arbitral forum and the scope of discovery would necessarily be fashioned by the arbitrator.

In other words, Plaintiffs' attempts to conduct discovery on the merits of the case before the Rule 26(f) discovery conference, particularly where the class representatives' claims may be subject to arbitration, provide proper grounds for entry of a Protective Order. The entry of a Protective Order would not present any hardship on Plaintiffs. Indeed, this case was originally filed in July 2009, and Plaintiffs only recently amended the Complaint to add named-party Plaintiffs and sought this discovery. Moreover, in light of the foregoing and possible removal of the purported class representatives' claims to arbitration proceedings, allowing Plaintiffs to take discovery on the merits of the case would result in significant, and perhaps unnecessary, cost and expense to Defendants.

As further grounds for a Protective Order, Defendants would show that the District Court for the Middle District of Louisiana has already denied a Motion to Compel filed by Plaintiff Smith, holding that class-related discovery before a collective action is certified was not permissible. For this reason too, a Protective Order and stay of discovery is appropriate.

Accordingly, Defendants request that the Court enter a Protective Order and/or stay discovery. Specifically, Defendants ask the Court to (1) quash the Notice of Deposition of Vic Charles, and (2) order that all discovery[3] be stayed until such time that

---

[3] Plaintiffs have also caused a Fed. R. Civ. P. 45 subpoena to be issued by the United States District Court for the Western District of Washington, in an attempt to obtain information and documents pertaining to "handheld computers" purchased by Defendants and allegedly used by putative class members. (Exhibit B: Subpoena). For the reasons stated in this memorandum, Defendants posit that the Protective Order and/or stay should apply to this subpoena with equal force. However, as Fed. R. Civ. P. 45(c)(3)(A) requires that any motion to quash a subpoena be filed with the issuing court, Defendants will move the United States District Court for the Western District of Washington for appropriate relief, including transfer of the subpoena to this Court so that it may be considered with the instant Motion or, in the alternative, to quash the subpoena outright.

a scheduling order is entered by the Court. A proposed Protective Order will be submitted to Chambers pursuant to Local Rules.

### III. CONCLUSION

For the reasons cited above, Defendants request that all discovery, including the previously noticed deposition of Vic Charles and any pending third-party discovery, be stayed, and that both parties be limited from taking further discovery until a scheduling order is entered.

*Respectfully submitted,*

FORD & HARRISON LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, Tennessee 38120
Telephone:     (901) 291-1500
Facsimile:     (901) 291-1501

By:     s/Louis P. Britt III
    Louis P. Britt III    (Tenn. #5613)
    David A. Prather    (Tenn. #18852)
    Jameson Dylan King    (Tenn. #28179)

*Attorneys for:*
SERVICEMASTER HOLDING CORP.;
THE SERVICEMASTER COMPANY,
INC.; THE TERMINIX INTERNATIONAL
COMPANY, L.P.; and TERMINIX
INTERNATIONAL, INC.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Defendants' Motion for Protective Order and/or to Stay Discovery has been served upon counsel of record by electronic means via the Court's CM/ECF system, this 12th day of December, 2011.

By:     s/Louis P. Britt III

# Exhibit C

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN SMITH, ON BEHALF OF HIMSELF AND A CLASS OF THOSE SIMILARLY SITUATED | CIVIL ACTION |
| | NUMBER 10-444-BAJ-SCR |
| VERSUS | |
| SERVICEMASTER HOLDING CORP., ET AL | |

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is Plaintiff's Motion to Compel filed by plaintiff John Smith.  Record document number 45.  The motion is opposed.[1]

Plaintiff brought this representative action for violations of the Fair Labor Standards Act ("FLSA") against defendants ServiceMaster Holding Corp., ServiceMaster Company, Inc., Terminix International Company, L.P., and Terminex International, Inc. Plaintiff alleged that he worked as a termite technician in the defendants' Baton Rouge, Louisiana branch from approximately May 2007 to December 2007.  He claimed on behalf of himself, and for all other persons employed by the defendants as a pest or termite technicians throughout the United States at any time within the nationwide FLSA period, that the defendants violated the FLSA by engaging in a common policy and practice of not compensating the

---

[1] Record document number 54.  Plaintiff also filed a reply memorandum.  Record document number 59.

technicians for all the hours they worked and refusing to pay them overtime wages.

Plaintiff filed this collective action for violations of the FLSA under 29 U.S.C. § 216(b) in the Western District of Tennessee on July 14, 2009.  On April 8, 2010 William Craig, a pest control technician, filed a notice of consent to join in the collective action.[2]  This case proceeded in the Tennessee district court for approximately one year.  During this time a scheduling order was entered,[3] discovery commenced focusing on collective action certification issues, a stipulated protective order was issued,[4] and this motion was filed by the plaintiff.

Defendants then filed a Motion to Change Venue and Transfer the Action to the Middle District of Louisiana and a Motion to Stay consideration of the plaintiff's Motion to Compel.[5]  Both motions were granted and the case was transferred to this court.[6]  At the time of the transfer this motion was still pending.

After a careful review of the record in light of the

---

[2] Record document number 44.

[3] Record document number 31.  This scheduling order was later modified.  Record document number 52.

[4] Record document number 39.

[5] Record document numbers 60 and 62.

[6] Record document numbers 66, 79, and 81.

2

applicable law in the Fifth Circuit,[7] the proper course at this time is to deny the pending motion without prejudice to the plaintiff re-urging it or filing another motion later.

Plaintiff's collective action is governed by § 216(b), which provides in part as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

The Fifth Circuit has not established a standard for FLSA collective action certification, declining to choose between the two methods it set forth in *Mooney v. Aramco Services*[8] - the two-step *Lusardi v. Xerox Corp.*[9] method and the spurious class action method of *Sushan v. University of Colorado*.[10]   Since *Mooney* the prevailing method used by district courts in the Fifth Circuit has

---

[7] Since this case was filed in the Tennessee district court, the parties cited and relied on Sixth Circuit decisions in their memoranda.

[8] 54 F.3d 1207 (5th Cir. 1995).

[9] 118 F.R.D. 351 (D.N.J. 1987).

[10] 132 F.R.D. 263 (D.Colo. 1990); *Roussell v. Brinker International Incorporated*, 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

3

been the *Lusardi* two-step method.[11]   The *Lusardi* method is consistent with the Fifth Circuit's statements that there is a fundamental, irreconcilable difference between the class action described by Rule 23, Fed.R.Civ.P., and the collective action provided by the FLSA.  The Fifth Circuit, in comparing § 216(b) of the FLSA to Rule 23(c), has stated that Rule 23 provides for "opt out" class actions, and the FLSA provision allows as class members only those who "opt in."   These two types of actions are fundamentally different, mutually exclusive and irreconcilable. *Sandoz v. Cingular Wireless LLC.*, 553 F.3d 913, 916 (5th Cir. 2008), citing, *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975).[12]

Plaintiffs in an FLSA collective action have the burden of establishing that they are similarly situated to the other employees. *England*, 370 F.Supp.2d at 507. Section 216(b) requires that the employees be similarly, not identically, situated.  An FLSA collective action is appropriate when there is a demonstrated similarity among the individual situations, that is, some factual nexus which binds the named plaintiff and the other employees

---

[11] *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 434-35 (E.D. La. 2010); *Johnson v. Big Lots Stores, Inc.*, 561 F.Supp.2d 567, 569 (E.D.La. 2008); *England v. New Century Financial Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005).

[12] *See also, West v. Lowes Home Centers, Inc.*, 2010 WL 5582941( W.D.La. Dec. 16, 2010), *report and recommendation adopted by*, 2011 WL 126908 (W.D.La. Jan. 14, 2011).

4

together as victims of a particular alleged policy or practice. *Id.*, at 508.

Under *Lusardi* the trial court approaches the "similarly situated" collective action requirement using a two-stage analysis: (1) the notice stage, and (2) the merits stage.  In the notice stage the court determines whether the plaintiffs are similarly situated in order to give notice of the action to potential members of the collective action.  This initial determination is usually based only on the pleadings and any affidavits which have been submitted.  Because typically little if any discovery has taken place, this determination is usually made using a fairly lenient standard and usually results in conditional certification of a collective action.[13]  If the district court conditionally certifies a collective action the potential members are given notice and the opportunity to opt-in.  The case then proceeds as a collective action throughout discovery.  *Mooney*, 54 F.3d at 1213-14; *Clarke v. Convergys Customer Mgt. Group*, 370 F.Supp.2d 601, 605-06 (S.D.Tex. 2005); *England*, *supra*.

After the opt-in period ends the second stage takes place. Generally, the second-stage determination is precipitated by a

---

[13] At the notice stage the courts appear to require nothing more than substantial allegations that the employees were victims of a single decision, policy or plan.  While the standard at the notice stage is not particularly stringent, it is not automatic. *Mooney*, 54 F.3d at 1214, n. 8; *Xavier v. Belfor USA Group, Inc.*, 585 F.Sup.2d 873, 878 (E.D.La. 2008).

motion for decertification by the defendant, usually filed after discovery is largely complete and the case is ready for trial. At this stage the court has much more information on which to base its decision and makes a factual determination as to whether there are similarly-situated employees who have opted in. *Id.; Sandoz*, 553 F.3d at 915, n. 2. Several factors are considered at this stage: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and, (3) fairness and procedural considerations that would make certification improper. *England*, 370 F.Supp.2d at 509-10; *West, supra, citing, Mooney*, 54 F.3d at 1213, n. 7.

If the court makes a factual finding that the plaintiff and the opt-in plaintiffs are similarly-situated employees the court allows the collective action to proceed to trial. *Mooney*, 54 F.3d at 1214; *Sandoz, supra; Kaluom v. Stolt Offshore, Inc.*, 474 F.Supp.2d 866, 871 (S.D.Tex. 2007).[14] If the court finds they are not, the court decertifies the collective action, the opt-in employees are dismissed without prejudice, and the original named plaintiffs proceed to trial on their individual claims. *Id.*

In light of the above legal principles this case should proceed in accordance with the *Lusardi* two-step method for

---

[14] *See also, Gandhi v. Dell, Inc.* 2009 WL 1940144 (W.D.Tex., July 2, 2009), *report and recommendation adopted* August 4, 2009.

6

determining whether a collective action under § 216(b) is proper. It is apparent from the record that although the initial scheduling order entered in the Tennessee court allowed some time for discovery focusing on collective action issues, the case was still at the initial or notice stage.   Under *Lusardi* the court must decide "whether to provide notice to fellow employees who may be similarly situated to the named plaintiff, thereby conditionally certifying a collective action."[15]   At the notice stage the conditional certification decision is usually based only on the pleadings and any affidavits.   Thus, under the more lenient standard which governs at the first stage of the *Lusardi* analysis, the present record and any discovery or other information that has been obtained thus far is adequate for the court to make the conditional certification determination, i.e. whether the named plaintiffs and other employees are similarly situated in order to give them notice of the action and the opportunity to opt in.

Therefore, it is unnecessary to resolve the merits of the plaintiff's motion at this time.   The next step in this litigation is filing a motion for conditional certification of a collective action, based on the pleadings, any affidavits, any discovery obtained by the parties since the case was filed, and any other available information relevant to the certification issue.

Accordingly, the Plaintiff's Motion to Compel is denied,

---

[15] *Sandoz*, 553 F.3d at n. 2.

7

without prejudice to the plaintiff re-urging it or filing another motion after the court decides the motion for conditional certification of a collective action.

    Baton Rouge, Louisiana, September 30, 2011.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE