UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN SMITH, et al., | CASE NO. C11-2154 MJP |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO TRANSFER OR IN THE ALTERNATIVE TO QUASH SUBPOENA |
| v. | |
| SERVICEMASTER HOLDING CORP, et al., | |
| Defendant. | |

The Court, having received and reviewed:

1. Defendants' Motion to Transfer, or in the Alternative, to Quash Subpoena (Dkt. No. 1)

2. Defendants' Supplement to Motion to Transfer, or in the Alternative, to Quash Subpoena (Dkt. No. 3)

3. Plaintiffs' Opposition to Defendants' Motion to Transfer, or in the Alternative, to Quash Subpoena (Dkt. No. 5)

4. Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Transfer, or in the Alternative, to Quash Subpoena (Dkt. No. 6)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Plaintiffs' subpoena is TRANSFERRED to the United States District Court for the Western District of Tennessee, for consideration by the judge in that forum presiding over W.D. Tenn. Case No. 2:11-cv-02943-JPM-dkv.

**Background**

This case was originally filed in July 2009 in the United States District Court for the Western District of Tennessee, transferred to the Middle District of Louisiana, then ultimately returned to the Western District of Tennessee on October 25, 2011. Plaintiffs had been granted permission to amend the complaint by the Louisiana court just prior to the transfer, and the amended complaint was filed on November 21, 2011. Defendants have not filed a responsive pleading and, at the time this motion was originally filed, Defendants state that the parties had yet to participate in an FRCP 26(f) conference.[1]

On November 11, 2011, Plaintiffs notified Defendants that they intended to serve a subpoena on Intermec, Inc. On November 29, 2011, the subpoena (which seeks documents detailing Defendants' expenditures on equipment, requesting modifications/customization of the equipment and all communications between Defendants and Intermec) was served. To date, Intermec has not moved to quash or for a protective order.

---

[1] Defendants later alleged that the parties were ordered to participate in an FRCP 26(f) conference prior to a January 10, 2012 scheduling conference, but neither side has reported whether they did so.

1  Defendants filed a supplemental brief to advise the Court that the U.S. District Judge in
2  Tennessee had ordered a scheduling conference on January 10, 2012.  That conference has taken
3  place, from which a scheduling order was produced.  *See* Dkt. No. 3, Ex. A.

**Discussion**

Defendants have moved for a protective order concerning discovery in front of the court in Tennessee.  In the briefing before this Court, there has been no indication whether a ruling has issued on that motion.  Although normally the court that issued the subpoena would be the one to hear a motion to quash, this Court has previously found that FRCP 45 permits transfers of such motions:

> No court within the Ninth Circuit has decided whether Rule 45 motions may be transferred. See IO Group, Inc. v. Does 1–9, No. C10-03851 SI, 2010 WL 5071605, at *3–4 (N.D. Cal., Dec. 7, 2010). However, the Eighth and Tenth Circuits and district courts in the Fourth and Second Circuits have read Rule 45 to allow transfers of motions to quash. See United States v. Star Scientific, 205 F. Supp. 2d 482, 485 n.4, 487 (D.Md. 2002). In Star Scientific, the District of Maryland considered transferring a Rule 45 motion proper, when the court of underlying litigation was "plainly better situated to resolve the discovery dispute." 205 F. Supp. at 487–88 (quoting In re Sealed Case, 141 F.3d 337, 343 (D.C. Cir. 1998) (Henderson, J., concurring)).

Heroic Era, Ltd. V. Evony, LLC, C10-2062MJP, Dkt. No. 16, p. 4.

Defendants' primary objection appears to be that the FRCP's do not contemplate this kind of discovery in advance of the FRCP 26(f) conference.  Since this case is in an unusual procedural posture – there was an FRCP 26(f) conference two years ago, but not one since the filing of the amended complaint – this Court believes that the presiding judge in Tennessee would be in a better position to decide when discovery should be commenced and under what terms.

Plaintiffs argue that Defendants have no standing to object to a subpoena issued to a non-party, but that is not entirely true.  There is case law from this district (Abu v. Piramco SEA-TAC, Inc., C08-1167RSL) that a party has standing to seek to quash a subpoena issued to a third

party where the party asserts a "legitimate privacy interest in the material sought." *See* Order Granting in Part and Denying Part Motion for a Protective Order, Dkt. No. 32, p. 3 (citing <u>Maxwell v. Health Center of Lake City</u>, 2006 WL 16207020 [W.D. Fla. 2006]). Defendants assert (with no supporting declarations or other evidence) that they have a legitimate privacy interest in the material sought by this subpoena. Again, this seems a determination best made by the judge before whom the underlying litigation is pending.

**Conclusion**

The Court finds that the judge presiding over the underlying matter in Tennessee is in the best position to determine the matters at issue in this motion, and finds that FRCP 45 permits this Court to order the subpoena transferred to the United States District Court for the Western District of Tennessee. It is so ordered.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 31, 2012.

Marsha J. Pechman
United States District Judge

ORDER ON DEFENDANTS' MOTION TO
TRANSFER OR IN THE ALTERNATIVE TO
QUASH SUBPOENA- 4